# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2019-0201, <u>Michael J. Walsh v. Sydney H. Walsh & a.</u>, the court on September 13, 2019, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The plaintiff, Michael J. Walsh, appeals an order of the Superior Court (<u>Ruoff</u>, J.) dismissing his complaint against the defendants, Sydney H. Walsh and Agape Irrevocable Trust, for failure to state a claim and denying his motion to amend the complaint to include a count under RSA chapter 547-C (2007 & Supp. 2018), providing for the partition of real property. He contends that the trial court erred by not finding that: (1) the trust, which the circuit court had earlier voided and under which he was not a beneficiary, created a contract between him and Sydney Walsh; (2) being appointed a co-trustee of the trust created a contract with Sydney Walsh and an ownership interest in the real property that formed the trust's corpus; (3) Sydney Walsh's text messages to him created a contract; (4) the documents he attached to his complaint set out the terms of a contract with Sydney Walsh; (5) Sydney Walsh's successful efforts to have him removed as co-trustee and to have the trust voided were a breach of contract and constituted unjust enrichment; (6) allotting half the "trust certificates" to his children showed that he owned half the trust corpus; (7) his contributions to expenditures on the real property while he lived there showed Sydney Walsh's implicit agreement to give him an ownership interest in property; and (8) he was entitled to an equitable remedy because he contributed to the expenditures on the real property while he was living there. He further contends that the trial court erred by: (1) not making all reasonable inferences in his favor; and (2) concluding that only those with "a present undivided legal or equitable interest . . . in real . . . property," RSA 547-C:1 (2007), which it found he lacked, could petition for partition under RSA chapter 547-C.

As the appealing party, the plaintiff has the burden of demonstrating reversible error. <u>Gallo v. Traina</u>, 166 N.H. 737, 740 (2014). Based upon our review of the trial court's well-reasoned order, the plaintiff's challenges to it, the

relevant law, and the record submitted on appeal, we conclude that the plaintiff has not demonstrated reversible error.  <u>See</u> <u>id</u>.

<u>Affirmed</u>.

Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Eileen Fox,
Clerk**
